HENRY VOLKING v. C. C. HUCKABAY.

SALE: UPON CONDITION. *Rescission. Right of seller.*

Where a buyer executes his note for the price of personal property sold and delivered to him under an agreement that the contract is to be absolute only in a certain contingency, if the condition is not met—the price not being paid—the seller may reclaim his property without returning or offering to return the note, which is rendered valueless by the rescission.

FROM the circuit court of Clarke county.

HON. S. H. TERRAL, Judge.

In March, 1888, the appellee, Huckabay, applied to Martin Seegers, agent of the appellant, Volking, to buy a mule owned by the latter. Seegers agreed to sell him the mule for $85, on credit, and Huckabay executed a trust deed on the mule to secure payment of the amount, due October 1, following, but it was not acknowledged or recorded. He also gave Seegers a written agreement to execute a mortgage on his crop as soon as planted to further secure the debt, and the mule was delivered to him. Several weeks afterwards, Volking, claiming to act under an alleged conditional stipulation in the contract of sale, and claiming also that Huckabay had made misrepresentations as to his crop and his ability to pay, sent one McGee, who was a constable, to the house of Huckabay for the mule. Huckabay states that he supposed McGee had some official right to take possession, and therefore he gave the mule up. The mule was delivered to Volking, and shortly afterwards Huckabay brought this suit in the justice court against him to recover damages for taking the mule, and recovered judgment, whereupon defendant appealed to the circuit court. On the trial the plaintiff, Huckabay, testified that, in addition to the trust deed and agreement above mentioned, he executed and delivered his note for the price of the mule, and he showed that none of these papers had been returned to him. But there was a conflict of evidence as to the note, Seegers testifying that none was given. On behalf of defendant there was evidence tending to show that Seegers sold the mule to Huckabay and took the trust deed under an agreement that it was not then to be recorded, and that the trade was not to be absolute until

after Volking could go out and satisfy himself as to the truth of certain representations made by Huckabay as to his ability to make a crop and pay for the mule; that the sale was thus upon condition that Volking should give his approval; that Volking made the investigation, and, finding the representations untrue, disaffirmed the sale and sent out after his mule. There was some controversy in the evidence as to these and other matters, but it is not deemed necessary to make any further statement of the facts.

The court, among other things, instructed the jury that Volking could not rescind the sale and reclaim the mule without first having returned or offered to return the note, if one was given. A verdict was returned in favor of plaintiff for the full amount claimed, that is to say, for $75, the value of the mule, and interest, and judgment was entered accordingly. After motion for new trial overruled, defendant appealed.

*T. A. Wood,* for appellant.

1. The testimony was conflicting as to the point that the sale was made to depend upon Volking's approval after examining the security. This issue should have been submitted to the jury on proper instructions. *Brown* v. *Foster,* 113 Mass. 136; s. c. 18 Am. Dec. 463.

2. It was not necessary that the papers given to Seegers should have been returned before Volking could reclaim his mule. Seegers was mere bailee of these. Volking never had possession or control of them. Jones on Pledges, §§ 10, 34. Seegers was to hold and deliver them to Volking, if the trade was approved.

Volking examined the proffered security and promptly rejected it, and demanded the mule which was promptly returned.

*John L. Buckley,* on the same side.

*J. A. Anderson,* for appellee.

1. Admitting for the sake of argument that Huckabay perpetrated a fraud in making the purchase, Volking could not rescind without restoring or offering to restore the papers executed at the time of the sale. 1 Story on Con., 601; 2 Kent. Com., 643. The authorities as to this are numerous.

2. The burden of proof was upon Volking to show that the sale was conditional. He failed to show any misrepresentations by Huckabay, and hence there was no ground for rescinding, even if he had offered to return the note and other papers.

CAMPBELL, J., delivered the opinion of the court.

This case was made to turn in the court below on the fact that there had not been a return or offer to return to Huckabay the note, he says he gave for the mule. It is very doubtful whether a note was given, and if it was, it was the note of Huckabay, which would be rendered valueless by the rescission of the contract of sale out of which it arose, and the failure to return this worthless paper was not an answer to the claim of the right to rescind the sale. This erroneous view caused erroneous action on the instructions on both sides, and without further specification of error,

*We reverse the judgment and remand the cause for a new trial.*