## HENRY FELD ET AL. *v.* ROBERT STEWART.

EVIDENCE.   *Contract in writing.   Parol evidence.*

Parol evidence is inadmissible to show a reservation of title in the seller until the price of personal property has been paid, when the promissory note given therefor by the buyer contains no such stipulation. *Milburn Gin & Machine Co.* v. *Ringold,* 19 So. Rep., 670, cited; *Volking* v. *Huckaby,* 67 Miss., 206, distinguished.

FROM the circuit court of Warren county.

HON. PATRICK HENRY, Judge.

Stewart, the appellee, was plaintiff, and Feld & Co., the appellants, defendants in the court below. Replevin to recover personal property. Defendants had sold and delivered the property in question to plaintiff's vendor, and taken from her a promissory note for the purchase money, which contained no stipulation that title was to be reserved in them until payment was made. They sought to prove a parol understanding and agreement that the title was to be so reserved, but the court below excluded the testimony, and gave judgment for the plaintiff, from which defendants appealed to the supreme court.

*Dabney & McCabe* and *N. B. Feld,* for the appellant.

The defendants had an undoubted right to sell the property in controversy to Miss Miller upon the condition that the title

should remain in them until the purchase price was paid, and if such sale was made, then no title would vest in her until payment had been made. *Ketchum & Cummings* v. *Brennan,* 53 Miss., 596; *Duke* v. *Shackleford,* 56 *Ib.,* 552; *Dederick* v. *Wolfe,* 68 *Ib.,* 500; *Tufts* v. *Stone,* 70 *Ib.,* 54; *Journey* v. *Priestly,* *Ib.,* 584. The note did not show on its face that it was given for the property in question, and if the transaction it represented could be opened for that purpose, it would seem that the agreement as to title might also be shown. *Volking* v. *Huckaby,* 67 Miss., 206.

*Miller, Smith & Hirsh,* for the appellee.

The case of *Milburn Gin & Machine Co.* v. *Ringold,* 19 So. Rep., 670, is decisive of the question under consideration. The case of *Volking* v. *Huckaby,* 67 Miss., 206, relied on by appellants, is without application. It involved merely the question of whether or not a sale had been in fact made by Volking to Huckaby.

WHITFIELD, C. J., delivered the opinion of the court.

The case falls precisely within *Milburn Gin & Machine Co.* v. *Ringold,* 19 So. Rep., 670. The case of *Volking* v. *Huckaby,* 67 Miss., 206, is clearly distinguished by its facts. That case presented the question whether there had been a sale at all. The finding the representations to be true was the contingency upon which the sale was to be made at all. The question was, had there been a sale at all, not whether, there being a sale, the terms of which were in writing, that sale was conditional or absolute. It is to be noticed further in that case that it was denied that there was any note, and there was no objection to any testimony in that case going off on the wrong issue. The distinction in the case at bar between permitting parol proof to show the consideration of the contract (the note) and to add a new term to the contract, contradictory of the written terms, is obvious.

*Affirmed.*